UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD WAYNE ELSCOTT,

    Plaintiff,

v.                                    Case No. 3:13cv27/RV/CJK

JAY D. WILLIAMS, III, et al.,

    Defendants.

_____/

# REPORT AND RECOMMENDATION

Plaintiff, a former inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 14).  Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint describes four defendants–Assistant State Attorney Jay Williams, Public Defender Alice Harris, Public Defender Ronald Ritchie, and "Agent of Courts" Sergeant Stearns.  (Doc. 14, p. 2).  The following facts are gleaned from the amended complaint.  Plaintiff claims State Attorney Williams "knowingly conspired to; violate the laws that govern clemency . . . for purposes of obstruction of justice, malicious persecution, reviseing [sic] charges, fraud upon the courts,

double jepurdy [sic] applies as well." (Doc. 14, p. 3). Plaintiff alleges that defendant Williams ignored the rulings of various courts and used his "past history for purposes of 'inhancement' [sic] . . . ." Plaintiff further states that he was granted clemency for his prior convictions and that various courts, including the Eleventh Circuit, have held that his past convictions cannot be used to enhance any subsequent sentences he receives. As a result of the foregoing allegations, plaintiff alleges his Fourth, Seventh, Eighth, and Fourteenth Amendment rights have been violated. (Doc. 14, p. 4). In his statement of claims section, plaintiff states, "[w]hen charges are brought against a 'defendant' you better 'make sure' that you can prove them. (For even a touch or strike) 'no - proof of evidence' makes (leads to) 'false arrest' and inprisonment [sic]! For the soul [sic] purposes to deprive an innocent man of his right's to persue [sic] life, lieberty [sic], and the persuit [sic] of happyness [sic]." (Doc. 14, p. 5). In relief, plaintiff requests, not immodestly, ten million dollars or "what this court deems fit," as well as federal indictments brought against the defendants. (Doc. 14, p. 5). Plaintiff does not refer to the other three defendants–Harris, Ritchie, and Stearns–in the body of his complaint. Plaintiff, however, does include various attachments to the complaint. (Doc. 14, pp. 6-64).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss his complaint if the court determines that the complaint is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

The facts as presented in plaintiff's complaint fail to support a viable claim for relief under § 1983 as to the named defendants. A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

    1. the conduct of which plaintiff complains was committed by a person acting under color of state law; and

2. this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). After review of the entirety of the complaint, the undersigned is convinced that plaintiff's complaint takes issue with the adequacy of his representation by the public defender's office and the decision by Assistant State Attorney Williams to charge plaintiff with various crimes. Such claims will be addressed below.

Fourth and Seventh Amendments

Plaintiff alleges the defendants violated his Fourth and Seventh Amendment rights. Plaintiff asserts no facts evidencing such violations. Instead, plaintiff advances conclusory assertions against the assistant state attorney, public defenders, and jail guard. Of note, plaintiff was found not guilty following a bench trial at which he represented himself *pro se*.[1] (Doc. 14, p. 60). To the extent plaintiff attempts to make out a claim for malicious prosecution under the Fourth Amendment, he must show: (1) the elements of the common law tort of malicious prosecution, and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Leonard v. F.B.I.*, 405 F. App'x 386, 388 (11th Cir. 2010) (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004)). "To establish the common law tort of malicious prosecution under Florida law, [plaintiff] must allege that (1) a judicial

---

[1] Plaintiff apparently believed that the public defenders assigned to represent him were conspiring against him, or at the very least providing ineffective assistance. Plaintiff, therefore, appears to have asked for the public defenders to be removed as his counsel and proceeded to a bench trial *pro se*.

*Case No: 3:13cv27/RV/CJK*

proceeding was commenced or continued against him; (2) the defendants were the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in [plaintiff's] favor; (4) no probable cause existed for the original proceeding; (5) the defendants acted with malice; and (6) [plaintiff] suffered damage as a result of the proceeding." *Id*. (citing *Kingsland*, 382 F.3d at 1234). Here, plaintiff has not shown that defendants Harris, Ritchie, or Stearns "were the legal cause of the original proceeding." As to defendant Williams, "[a] prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing *Malley v. Briggs*, 475 U.S. 335, 342-43 (1986)). As such, plaintiff has not demonstrated a cognizable claim for malicious prosecution. Because plaintiff has put forward no facts evidencing a Fourth or Seventh Amendment violation, such claims should be dismissed.

Eighth Amendment

"To show a violation of [his] Eighth Amendment rights, plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005 (quotation omitted). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1319-20 (quotations omitted). Simple negligence is not actionable under § 1983, and a plaintiff must allege "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982). Some of the ways in which prison officials might avoid Eighth Amendment liability is to show: (1) "that they did not know of the underlying facts

indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1982-83, 128 L. Ed. 2d 56 (1994). Here again, plaintiff has not pled any facts whatsoever indicating an Eighth Amendment violation.

Plaintiff's claims for false imprisonment and false arrest appear to derive from plaintiff's initial arrest and the time he spent in jail pending trial. Plaintiff also argues that he was put back in the jail population after he was found not guilty and subsequently released five hours later after a friend arrived to pick him up. (Doc. 14, p. 50). To the extent plaintiff claims that he was falsely arrested and imprisoned because he was eventually found not guilty, plaintiff has not pled facts evidencing such claims. Moreover, as discussed above, plaintiff has not demonstrated an actionable claim for malicious prosecution. Plaintiff has not shown how any of the named defendants were involved in his arrest (save for state attorney Williams who was functioning in his role as a prosecutor) or pled any facts showing that such conduct was done with the requisite intent needed to hold the defendants liable for constitutional violations. Accordingly, plaintiff's claims should be dismissed.

Access to Courts

To succeed on an access-to-courts claim plaintiff "'cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systematic.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996)). Instead, a plaintiff "must demonstrate that the lack of a law library or inadequate access to counsel hindered his

'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" *Id.* (quoting *Sabers*, 100 F.3d at 84). Plaintiff has not shown any of these conditions. Instead, plaintiff was provided with a public defender–whom plaintiff appears to have concluded was conspiring against him. In turn, plaintiff represented himself *pro se* at trial and obtained a bench verdict of not guilty.[2] *See Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) ("A plaintiff cannot state a claim by simply alleging systematic denial of access to the courts or legal resources without tying the denial to an actual injury."). Because plaintiff has not alleged he was injured in any way, he has not stated a claim for denial of access to the courts.

Fourteenth Amendment

To the extent plaintiff is complaining of violations of his due process rights, in *Sandin v. Conner*, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty interest that invokes procedural protections. *Sandin v. Conner*, 515 U.S. at 487; *see also Nelson v. Green*, No. 04-

---

[2] Review of plaintiff's communications logs indicate that the jail's policy was to allow only those parties proceeding *pro se* access to the law library. (Doc. 14, p. 54). Because plaintiff was represented by the public defender's office, plaintiff did not qualify for access to the law library. There also appears to be some skepticism among the jail staff that plaintiff's requested cases actually pertained to his pending criminal case.

14933, 2005 WL 3116747 (11th Cir. Nov. 23, 2005) (noting an inmate's due process rights are violated when: "(1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) . . . the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999))). Again, plaintiff appears to take issue with the decision to charge him with a crime and his denial of access to law library. Plaintiff's claim for access to the law library has been addressed above. *See Supra* pp. 6-7. As to his claim concerning the sufficiency of the evidence used to charge him, such claims, vague as they are, do not signal the existence of any sort of claim that might be raised at this point in a civil rights complaint. Plaintiff is reminded that the state court provides a forum in which he might have tested the sufficiency of the charging documents, and in which he could have raised almost any constitutional claim relating to prosecution of the underlying criminal charges. Accordingly, plaintiff has not shown a Fourteenth Amendment violation and such claims should be dismissed.

Prosecutorial Immunity

As discussed above, other doctrines applicable to this case show plaintiff cannot hold Assistant State Attorney Williams liable for prosecuting a criminal charge. "Prosecutors performing 'prosecutorial functions' receive absolute immunity and are therefore not subject to suit under 42 U.S.C. § 1983." *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999). Here, plaintiff takes issue with Assistant State Attorney Williams' decision to bring charges against him and the sufficiency of the evidence supporting such a decision. Such decisions are quintessential "prosecutorial

functions" and as a result Assistant State Attorney Williams is immune from suit for such conduct. *See id.*

Injunctive and Compensatory Relief

Even if plaintiff stated a viable § 1983 claim, he cannot recover the damages he seeks. The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's damages claims are based on the fact of the alleged unconstitutional conduct itself (divorced from any mental or emotional injury plaintiff suffered). Plaintiff alleges no physical injury. Plaintiff is therefore prohibited under the PLRA from bringing his compensatory damages claim. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies

to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Additionally, plaintiff cannot recover the injunctive relief he seeks. Plaintiff seeks federal indictments against the defendants. The court does not and cannot dictate charging decisions to a prosecutor's office. Plaintiff's dissatisfaction with the prosecutor and public defender will never form a basis for the claim he apparently wants to advance–at least not in a judicial forum.

Accordingly, it is respectfully RECOMMENDED

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 22nd day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).